IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-27-GF-BMM-JTJ |
| Plaintiff, | |
| | FINDINGS AND |
| v. | RECOMMENDATIONS |
| ERROL WAYNE LONGEE, | |
| Defendant. | |

## I.    Synopsis

Defendant Errol Wayne Longee (Longee) has been accused of violating the conditions of his supervised release. (Docs. 40 and 42). Longee admitted one of the alleged violations. Longee's supervised release should be revoked. Longee should be sentenced to custody for 5 months, with no term of supervised release to follow.

## II.    Status

Longee pled guilty on November 5, 2018, to the offense of Voluntary Manslaughter, in violation of 18 U.S.C. §§ 1153(a), 1112, as charged in Count 1 of

the Superseding Information. (Doc. 29). Longee was sentenced to custody for 80 months, with 2 years of supervised release to follow (Doc. 36). Longee's current term of supervised release began on January 16, 2025.

### Petition

On January 21, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Longee's supervised release. (Doc. 40). The Petition alleged Longee violated conditions of his supervised release by failing to report to the probation office within 72 hours of his release from custody.

### Amended Petition

On February 18, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Longee's supervised release. (Doc. 42). The Amended Petition alleged Longee violated the conditions of his supervised release by failing to register as a violent offender in the state of Montana.

### Initial Appearance

Longee appeared before United States Magistrate Tim Cavan on February 19, 2025. Longee was represented by counsel. Longee stated that he had read the Amended Petition and that he understood the allegations against him. Longee waived his right to a preliminary hearing. A final revocation hearing was scheduled before this Court for March 4, 2025.

### Revocation hearing

Longee appeared before the Court on March 4, 2025.  The parties consented to proceed with the revocation hearing before the undersigned. Longee admitted that he had violated the conditions of supervised release as set forth in the Amended Petition by failing to report to the probation office within 72 hours of his release from custody.  The Government moved to dismiss the remaining allegation, which the Court granted. Longee's admitted violation is serious and warrants revocation of his supervised release.

**Sentencing hearing**

Longee appeared before the Court on March 4, 2025. Longee's violation is Grade C.  His criminal history category is III.  Longee's underlying offense is a Class C felony.  Longee could be incarcerated for up to 24 months. Longee could be ordered to remain on supervised release for 24 months less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III.    Analysis

Longee's supervised release should be revoked.  Longee should be sentenced to custody for 5 months, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.    Conclusion

The Court informed Longee that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Longee of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Longee that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Longee waived his right to appeal and to allocute before Judge Morris.

The Court **FINDS:**

That ERROL WAYNE LONGEE has violated the conditions of his supervised release by failing to report to the probation office within 72 hours of his release from custody.

The Court **RECOMMENDS:**

That the District Court revoke Longee's supervised release and sentence Longee to custody for 5 months, with no term of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 5th day of March 2025.

John Johnston
United States Magistrate Judge